## VELOZ v. FIDELITY–UNION CASUALTY CO.

Court of Civil Appeals of Texas. El Paso.
June 21, 1928.

Rehearing Denied July 9, 1928.

Master and servant ⬳405(4)—Evidence that smeltering employee getting dust in eyes shortly thereafter became insane and died held not to show compensable injury.

Evidence showing only that smeltering employee got some dust in his eyes, for which he was treated by nurse, and that shortly thereafter he became insane, and soon died, held insufficient to show a compensable injury in course of employment.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Soledad M. Veloz against the Fidelity-Union Casualty Company to set aside the action of the Industrial Accident Board in denying plaintiff's claim for compensation for the death of her husband, Angel Veloz. Decree for defendant, and plaintiff appeals. Affirmed.

Sydney Smith and Knollenberg & Cameron, all of El Paso, for appellant.

Collins & Houston, of Dallas, for appellee.

HIGGINS, J. This is a suit by appellant to set aside the action of the Industrial Accident Board in denying her claim for compensation for the death of her husband, Angel Veloz, an employee of the American Smelting & Refining Company, appellee being the insurer. A peremptory charge was given in favor of appellee, in accordance with which verdict was returned and judgment rendered.

It was alleged that on April 2, 1926, the deceased suffered an accident in the course

of his employment in consequence of which he became insane and later died on August 9, 1926.

The only evidence of any accident to the deceased is that shown by the testimony of the witness Fletcher, who testified that on the night of April 1, 1926, deceased, while working at the anode furnaces, got some dust in his eyes, for which he was given first aid treatment by the trained nurse kept on duty by the smelter all the time. He lost no time from his work and continued working nearly a month, when he became insane. He died August 9, 1926.

As stated above, the only accident shown to have been suffered by the deceased in the course of his employment was getting some dust in his eyes on the night of April 1st. The record shows no causal connection whatever between this accident and his insanity and death. The cause thereof is wholly conjectural. Dr. Bush, plaintiff's witness, testified that he would not say there was any connection between such accident and insanity and death. It is true plaintiff testified that the night deceased came home after getting the dust in his eyes he acted peculiarly for the first time; but this means nothing in view of Dr. Bush's testimony and the well-known fact that simply getting dust in one's eyes does not cause insanity and death.

For the reason indicated, the peremptory charge was properly given.

Affirmed.